ORIGIN*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x
            :
UNITED STATES OF AMERICA    :
            :
        - v. -        :    SEALED INDICTMENT
            :
MARK MARMILEV,        :    S4 13 Cr. 368
    a/k/a "Marko,"        :
    a/k/a "Mark Halls,"    :
            :
        Defendant.    :
            :
- - - - - - - - - - - - - - - - - x

## COUNT ONE

(Money Laundering Conspiracy)

The Grand Jury charges:

1.  From in or about 2006, up to and including in or about May 2013, in the Southern District of New York and elsewhere, MARK MARMILEV, a/k/a "Marko," a/k/a "Mark Halls," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(a)(2)(B)(i), to wit, through their operation of a digital currency service.

2.  It was a part and an object of the conspiracy that MARK MARMILEV, a/k/a "Marko," a/k/a "Mark Halls," the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the

property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, identity theft, access device fraud, computer hacking, wire fraud, child pornography, and narcotics trafficking, in violation of Title 18, United States Code, Sections 1028, 1029, 1030, 1343, and 2252, and Title 21, United States Code, Section 841, respectively, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

3.   It was further a part and an object of the conspiracy that MARK MARMILEV, a/k/a "Marko," a/k/a "Mark Halls," the defendant, and others known and unknown, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds from places in the United States to and through places outside the United States, and to places in the United States from and through places outside the United States, knowing that the monetary instruments and funds involved in the transportation, transmissions, and transfers represented the proceeds of some

form of unlawful activity, and knowing that such transportation, transmissions, and transfers were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit, identity theft, access device fraud, computer hacking, wire fraud, child pornography, and narcotics trafficking, in violation of Title 18, United States Code, Sections 1028, 1029, 1030, 1343, and 2252, and Title 21, United States Code, Section 841, respectively, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

(Title 18, United States Code, Section 1956(h).)

## COUNT TWO

(Conspiracy to Operate Unlicensed Money Transmitting Business)

The Grand Jury further charges:

4. From in or about 2006, up to and including in or about May 2013, in the Southern District of New York and elsewhere, MARK MARMILEV, a/k/a "Marko," a/k/a "Mark Halls," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Sections 1960(b)(1)(B) and 1960(b)(1)(C).

5. It was a part and an object of the conspiracy that MARK MARMILEV, a/k/a "Marko," a/k/a "Mark Halls," the defendant,

and others known and unknown, would and did conduct, control, manage, supervise, direct, and own all and part of a money transmitting business affecting interstate and foreign commerce, which (i) failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code, Section 5330, and the regulations prescribed thereunder, including Title 31, Code of Federal Regulations, Sections 1010.100(ff)(5) and 1022.380(a)(2); and (ii) otherwise involved the transportation and transmission of funds known to MARMILEV to have been derived from a criminal offense and intended to be used to promote and support unlawful activity.

## OVERT ACT

6. In furtherance of said conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

    a. From in or about 2006, up to and including May 2013, MARK MARMILEV, a/k/a "Marko," a/k/a "Mark Halls," the defendant, and others known and unknown, designed and operated a website for a digital currency service.

    (Title 18, United States Code, Section 371.)

## COUNT THREE

(Operation of an Unlicensed Money Transmitting Business)

The Grand Jury further charges:

7. From in or about 2006, up to and including in or about May 2013, in the Southern District of New York and elsewhere, MARK MARMILEV, a/k/a "Marko," a/k/a "Mark Halls," the defendant, knowingly conducted, controlled, managed, supervised, directed, and owned all and part of a money transmitting business affecting interstate and foreign commerce, which (i) failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code, Section 5330, and the regulations prescribed thereunder, including Title 31, Code of Federal Regulations, Sections 1010.100(ff)(5) and 1022.380(a)(2); and (ii) otherwise involved the transportation and transmission of funds known to the defendant to have been derived from a criminal offense and intended to be used to promote and support unlawful activity.

(Title 18, United States Code, Sections 1960 & 2.)

**FORFEITURE ALLEGATION**

8.   As a result of committing one or more of the offenses alleged in Counts One and Three of this Indictment, MARK MARMILEV, a/k/a "Marko," a/k/a "Mark Halls," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in the offenses and all property traceable to such property.

## SUBSTITUTE ASSET PROVISION

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

- (1) cannot be located upon the exercise of due diligence;
- (2) has been transferred or sold to, or deposited with, a third person;
- (3) has been placed beyond the jurisdiction of the Court;
- (4) has been substantially diminished in value; or
- (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

(Title 18, United States Code, Section 982 and
Title 21, United States Code, Section 853.)

FOREPERSON   5/20/2013

PREET BHARARA
United States Attorney

JAIKUMAR RAMASWAMY
Chief, Asset Forfeiture and
Money Laundering Section, Criminal
Division, United States
Department of Justice

7

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MARK MARMILEV,
a/k/a "Marko,"
a/k/a "Mark Halls,"
Defendant.

INDICTMENT

S4 13 Cr.

(18 U.S.C. §§ 1956, 371, 1960 & 2)

_____          PREET BHARARA
Foreperson.                   United States Attorney.